## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

DENNIS JOHNSON AND CASEY JOHNSON,
THE WRONGFUL DEATH HEIRS AND BENEFICIARIES
OF DINESE JOHNSON, DECEASED, MINORS, BY AND
THROUGH THEIR UNCLE AND NEXT FRIEND,
JIMMY JOHNSON                                                                   **PLAINTIFFS**

VS.                                              CIVIL ACTION NO. 07-KV-0026-S

MED EXPRESS AMBULANCE SERVICE, INC.,
AMERICAN MEDICAL RESPONSE, INC., and
UNKNOWN CORPORATIONS A and B                                   **DEFENDANTS**

RECEIVED AND FILED
APR 1 0 2007
M. INES CIRCUIT CLERK
_____ D.C.

### JURY DEMANDED
### COMPLAINT

COME NOW the Plaintiffs, Dennis Johnson and Casey Johnson, the Wrongful Death Heirs and Beneficiaries of Dinese Johnson, Deceased, Minors, by and through their Uncle and Next Friend, Jimmy Johnson, and make and file this complaint against the defendants, Med Express Ambulance Service, Inc., American Medical Response, Inc., and Unknown Corporations A and B, and for said cause would show unto the Court the following, to-wit:

### JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction over this personal injury action based on negligence.

2.   Venue of this action is appropriate in this Court pursuant to §11-11-3, *Miss. Code Ann. (1999)*.

### PARTIES

3.   Plaintiffs, Denise Johnson and Casey Johnson, the Wrongful Death Heirs and Beneficiaries of Dinese Johnson, Deceased, are minors, who bring this action by and through their Uncle and Next Friend, Jimmy Johnson, who is an adult resident citizen of Adams County,


EXHIBIT "B"

Mississippi, whose address is 2829 Little Street, Natchez, Mississippi 39120.

4.  Defendant, Med Express Ambulance Service, Inc., (hereafter Med Express) is a foreign corporation organized and existing under the laws of the State of Louisiana and at the time of the incident that gave rise to this action was doing business in Natchez, Mississippi and in the State of Mississippi. This defendant has not qualified to do business in the State of Mississippi although it is and has been doing business in the State of Mississippi. This defendant may be served with the process of this Court by serving its President/Director, **Mark Majors**, 7525 Hwy. 71 South, Alexandria, Louisiana 71302, or its registered agent for service of process, Julie A. Fusilier, Attorney, 450 Laurel Street, Suite 1101, Baton Rouge, Louisiana 70801.

5.  Defendant, American Medical Response, Inc., is a foreign corporation organized and existing under the laws of the State of Delaware, whose principal place of business is located at 6200 S. Syracuse Way, Suite 200, Greenwood Village, Colorado 80111, and which may be served with the process of this Court by serving its registered agent for service of process, Corporation Service Company, 506 S. President Street, Jackson, Mississippi 39201.

6.  Plaintiffs do not know the names of the other opposing parties who negligently treated or refused to treat their decedent, and those parties are identified herein as Unknown Corporations A and B. When the true names of these parties are discovered, the process and all pleadings in this action may be amended by substituting the true name and giving proper notice to the opposing parties pursuant to *M.R.C.P. 9* and *15*.

## FACTS

8.  On February 5, 2001, Dinese Johnson, decedent, was at home with her three (3) year old daughter, Casey Johnson. Casey woke up and tried to wake her mother, but was unable to do so.

2

9. Dinese Johnson used oxygen and had been diagnosed with asthma.

10. Casey Johnson went to the door crying and asked a neighbor, Angela Thomas, to help her wake up her mother.

11. Angela Thomas called out to Dinese, but her eyes were rolling back in her head and she was gasping for air. Ms. Thomas called 911 at 3:32 p.m. While Ms. Thomas was talking to the 911 operator, other neighbors came over to the apartment to help.

12. Ms. Thomas passed the telephone to Patrice Johnson to give directions to the 911 operator. Ms. Thomas then, goes to get Ida Amicee Green, who is a nurse at Natchez Regional Medical Center, to come over to the apartment to help.

13. Patrice Johnson gave directions to the apartment to the 911 operator and stayed on the telephone until Ms. Thomas returned with Ms. Green.

14. The ambulance did not arrive in a reasonable time.

15. After the ambulance had not arrived in a reasonable amount of time, Linda Daniels made another call to 911 to ask why it was taking so long. Ms. Daniels was told that the ambulance was on its way.

16. The Med Express ambulance arrived at the apartment at 4:20 p.m. and began to perform CPR on Dinese Johnson. The ambulance service is only a two (2) or three (3) minute drive to the apartments.

17. The Med Express Emergency Medical Technicians removed the oxygen from Dinese Johnson upon arrival and never replaced the tubes so that Ms. Johnson would be able to get much needed oxygen.

18. The Med Express EMT's called to the Natchez Regional Medical Center for instructions

and was told to bring Ms. Johnson into the emergency room.

19. The Med Express EMT's proceeded to take Ms. Dinese Johnson to Natchez Regional Medical Center. As they left the apartment, the oxygen was not placed back on Dinese Johnson and she was not covered with a sheet or her clothes were not draped over her.

20. Dinese Johnson died as a results of the ambulance failure to timely respond to the 911 call.

## CAUSE OF ACTION

### COUNT I - NEGLIGENCE

21. The following actions and omissions to act of the defendants, Med Express Ambulance Service, Inc., and American Medical Response, Inc., constituted negligence by failing to give a timely response to a call for emergency assistance.

### COUNT II - NEGLIGENCE

22. The following actions and omissions to act of the Defendants, Med Express Ambulance Service, Inc., and American Medical Response, Inc., constituted negligence by failing to give a timely response to a second call for emergency assistance.

### COUNT III - NEGLIGENCE

23. The following actions and omissions to act of the Defendants, Med Express Ambulance Service, Inc., and American Medical Response, Inc., constituted negligence by failing to give a timely response to a third call for emergency assistance.

### CAUSATION, INJURY, AND DAMAGES

24. As a proximate result of the actions and/or omissions to act by the defendants, as mentioned above, the plaintiffs have suffered a great and severe physical pain, mental and emotional

4

distress and anguish, loss of society and companionship; and net cash value of life expectancy of the decedent's life.

25. As a proximate result of the actions and/or omissions to act by the defendants, as mentioned above, Dinese Jonhson, decedent, suffered great and severe physical pain and suffered and mental and emotional distress and anguish before death and incurred medical and funeral bills as a result of her death.

26. As a sole, proximate, and direct result of negligence and gross negligence of the defendants, as mentioned above, plaintiffs have been injured and damaged and seek compensatory damages and punitive damages of and from the defendants in an amount the trier of fact determines reasonable.

## JURY DEMAND

27. Plaintiffs demand a trial by jury pursuant to MRCP 38.

**WHEREFORE,** plaintiffs demand judgment of and from the defendants, jointly and severally, in an amount the finder of fact determines to be reasonable, together with court costs and interest at the legal rate from and after the date of judgment.

This the ____ day of April, 2007.

CASEY JOHNSON AND DENNIS JOHNSON, THE WRONGFUL DEATH HEIRS AND BENEFICIARIES, OF DINESE JOHNSON, DECEASED, MINORS, BY AND THROUGH THEIR UNCLE AND NEXT FRIEND, JIMMY JOHNSON, PLAINTIFFS

BY: *Carroll Rhodes*
CARROLL RHODES, MSB #5314
THE LAW OFFICES OF CARROLL RHODES
P.O. BOX 588
HAZLEHURST, MS 39083