UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

DENNIS JOHNSON and CASEY JOHNSON,                    PLAINTIFFS
the wrongful death heirs and
beneficiaries of Dinese Johnson,
deceased, minors, by and through
their uncle and next friend,
JIMMY JOHNSON

VERSUS                          CIVIL ACTION NO. 5:07cv191-DCB-JMR

MED EXPRESS AMBULANCE SERVICE, INC.,
AMERICAN MEDICAL RESPONSE, INC., and
UNKNOWN CORPORATIONS A and B                         DEFENDANTS


OPINION & ORDER

This cause comes before the Court on defendant American Medical Response, Inc.'s Motion for Summary Judgment [**docket entry no. 5**].  Having carefully considered said Motion, memoranda in support and opposition thereof, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

I. BACKGROUND & PROCEDURAL HISTORY

On February 5, 2001, Dinese Johnson became ill at her home in Adams County, Mississippi.  Following several calls to 911 placed by her neighbors, an ambulance arrived at Ms. Johnson's residence and transported her to Natchez Regional Medical Center.  Ms. Johnson was pronounced dead at the hospital on the same day.[1]

---

[1] The record does not indicate whether Ms. Johnson was pronounced dead immediately upon her arrival at Natchez Regional Medical Center or at a later time on February 5, 2001.  However, the precise time of Ms. Johnson's death is immaterial to the Motion

Ms. Johnson was unmarried and survived by two minor children, Dennis Johnson and Casey Johnson, and a brother, Jimmy Johnson.[2]

On April 10, 2007, acting through their next friend and uncle Jimmy Johnson, plaintiffs Dennis Johnson and Casey Johnson filed suit against defendants Med Express Ambulance Service, Inc. ("Med Express")[3] and American Medical Response, Inc. ("AMR") in the Circuit Court of Adams County, Mississippi. The plaintiffs allege in their Complaint that the defendants proximately caused Ms. Johnson's death by negligently failing to respond to the 911 calls in a timely manner, (Compl. 4), and seek to recover damages for Ms. Johnson's physical pain and emotional distress, medical bills, and funeral bills, as well as their own emotional distress, loss of the society and companionship of their mother, the net cash value of her life expectancy, and punitive damages. (Compl. 4-5.)

On October 2, 2007, pursuant to 28 U.S.C. §§ 1441 and 1446, AMR filed its Notice of Removal of the case to this Court from the

_____

before the Court.

[2] Dinese Johnson left no will and no estate was opened or administrator appointed before this suit was filed. (Aff. Jimmy Johnson ¶¶ 9-10.) Dennis and Casey have resided in the home of their uncle Jimmy Johnson since their mother's death. (Aff. Jimmy Johnson ¶ 3.) James King, the natural father of Dennis Johnson, died while incarcerated a little over two years after the death of Dinese Johnson on March 6, 2003. The natural father of Casey Johnson is unknown. (Aff. Jimmy Johnson ¶ 5.) No guardian of the minors was appointed before this action was commenced. (Aff. Jimmy Johnson ¶¶ 6-7.)

[3] As of the date of this Opinion & Order, Med Express has not entered an appearance in the case.

Circuit Court of Adams County, Mississippi, based upon this Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332.[4]  AMR filed its Motion for Summary Judgment [docket entry no. 5] on January 3, 2008.  The plaintiffs proffered their Response [docket entry no. 9] to AMR's Motion on January 22, 2008, which AMR countered with its Rebuttal [docket entry no. 13] on January 29, 2008.  AMR's Motion for Summary Judgment is now before the Court.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).[5]  The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the

---

[4] At the time the Notice of Removal was filed, the plaintiffs were citizens of Mississippi; AMR was regarded as a citizen of both Delaware (state of incorporation) and Colorado (principal place of business), and Med Express was considered a citizen of Louisiana (state of incorporation). (Not. Remov. ¶ II.)  AMR declared in its Notice of Removal that to the best of its knowledge Med Express is not qualified to do business in Mississippi.  (Not. Remov. ¶ II.)  AMR also sufficiently demonstrated that the amount in controversy in the case exceeds $75,000.00.  (Not. Remov. ¶¶ III-V.)

[5] "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate Partnership v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (internal citations omitted).

parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). But the nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Moreover, "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. Anderson, 477 U.S. at 252, 106 S. Ct. at 2512. The nonmovant must instead come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is properly rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552.

### III. APPLICABLE LAW

As is the situation in this case, a federal court sitting in diversity must apply state substantive law.  Times-Picayune Pub. Corp. v. Zurich Am. Ins. Co., 421 F.3d 328, 334 (5th Cir. 2005) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).  The parties apparently agree that the substantive law of Mississippi controls the issues before the Court.

### IV. ANALYSIS

*A. The Parties' Arguments*

AMR asserts that the plaintiffs' action for wrongful death filed more than six years after Ms. Johnson died is time-barred by either Mississippi's two-year medical malpractice statute of limitations or three-year catch-all statute of limitations. Furthermore, AMR contends that the minor savings statute, MISS. CODE ANN. § 15-1-59 (Rev. 2003), does not toll the applicable statute of limitations for the plaintiffs inasmuch as there was at least one person *in esse* — — — Jimmy Johnson and/or James King — — — who could have brought the subject wrongful death action on their behalf within the statutory time period.

The plaintiffs posit that Mississippi's medical malpractice statute of limitations is inapplicable inasmuch as this case is not one for medical malpractice and ambulance companies are not covered by the statute.  The plaintiffs next argue that while the three-

5

year general statute of limitations is applicable to this survival and wrongful death action, the minor savings statute has tolled the running of the limitation period.  Lastly, the plaintiffs declare that there was never any person *in esse* who could have brought the wrongful death action on behalf of Casey Johnson and no person *in esse* prior to the running of the entire three-year statute of limitations who could have brought said action on behalf of Dennis Johnson.

## B. Application of Law

It is helpful to note at the outset that the suit brought by the plaintiffs is a pure wrongful death action.  "Mississippi's survival statute [Miss. Code Ann. § 91-7-233] allows an estate administrator to commence and prosecute any personal action which the decedent might have commenced and prosecuted." In re Estate of England, 846 So. 2d 1060, 1067 (Miss. Ct. App. 2003).  Inasmuch as no estate has yet been opened for Dinese Johnson, neither of the plaintiffs is the administrator of her estate and consequently cannot maintain a survival action.  However, the language of Mississippi's wrongful death statute has been interpreted by the Supreme Court of Mississippi to "indicate[] that any damages for personal injuries suffered by the decedent during her lifetime are recoverable in the wrongful death suit.  This is true even though an action for the personal injuries accrued to the decedent during her lifetime, and could have been prosecuted by the decedent had

6

she lived." Id. at 1068.  Therefore, while the plaintiffs in this case are not qualified to bring a survival action, they may recover survival-type damages in this wrongful death action for the personal injuries (if any) Dinese Johnson sustained at the hands of the defendants as long as they (the plaintiffs) prove that the "same wrongful conduct cause[d] both [her] personal injury and death . . . ." Id.

Mississippi's wrongful death statute provides as follows, in pertinent portion:

> Whenever the death of any person or of any unborn quick child shall be caused by any real, wrongful or negligent act or omission, or by such unsafe machinery, way or appliances as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, or whenever the death of any person or of any unborn quick child shall be caused by the breach of any warranty, express or implied, of the purity or fitness of any foods, drugs, medicines, beverages, tobacco or any and all other articles or commodities intended for human consumption, as would, had the death not ensued, have entitled the person injured or made ill or damaged thereby, to maintain an action and recover damages in respect thereof, and such deceased person shall have left a widow or children or both, or husband or father or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall in no case affect the right of recovery. The action for such damages may be brought in the name of the personal representative of the deceased person or unborn quick child for the benefit of all

7

persons entitled under the law to recover, or
by widow for the death of her husband, or by
the husband for the death of the wife, or by
the parent for the death of a child or unborn
quick child, or in the name of a child, or in
the name of a child for the death of a parent,
or by a brother for the death of a sister, or
by a sister for the death of a brother, or by
a sister for the death of a sister, or a
brother for the death of a brother, or all
parties interested may join in the suit, and
there shall be but one (1) suit for the same
death which shall ensue for the benefit of all
parties concerned, but the determination of
such suit shall not bar another action unless
it be decided on its merits. Except as
otherwise provided in Section 11-1-69, in such
action the party or parties suing shall
recover such damages allowable by law as the
jury may determine to be just, taking into
consideration all the damages of every kind to
the decedent and all damages of every kind to
any and all parties interested in the suit.

.   .   .

Damages for the injury and death of a married
man shall be equally distributed to his wife
and children, and if he has no children all
shall go to his wife; damages for the injury
and death of a married woman shall be equally
distributed to the husband and children, and
if she has no children all shall go to the
husband; and if the deceased has no husband or
wife, the damages shall be equally distributed
to the children; if the deceased has no
husband, nor wife, nor children, the damages
shall be distributed equally to the father,
mother, brothers and sisters, or such of them
as the deceased may have living at his or her
death. If the deceased have neither husband,
nor wife, nor children, nor father, nor
mother, nor sister, nor brother, then the
damages shall go to the legal representative,
subject to debts and general distribution, and
the fact that the deceased was instantly
killed shall not affect the right of the legal
representative to recover. All references in

8

this section to children shall include descendants of a deceased child, such descendants to take the share of the deceased child by representation. There shall not be, in any case, a distinction between the kindred of the whole and half blood of equal degree. The provisions of this section shall apply to illegitimate children on account of the death of the mother and to the mother on account of the death of an illegitimate child or children, and they shall have all the benefits, rights and remedies conferred by this section on legitimates. The provisions of this section shall apply to illegitimate children on account of the death of the natural father and to the natural father on account of the death of the illegitimate child or children, and they shall have all the benefits, rights and remedies conferred by this section on legitimates, if the survivor has or establishes the right to inherit from the deceased under Section 91-1-15.

MISS. CODE. ANN. § 11-7-13.

The Supreme Court of Mississippi has held that "the statute of limitations on bringing a wrongful death claim is subject to, and limited by, the statute of limitations associated with the claims of specific wrongful acts which allegedly led to the wrongful death." Jenkins v. Pensacola Health Trust, Inc., 933 So. 2d 923, 926 (Miss. 2006) (en banc); accord Lee v. Thompson, 859 So. 2d 981, 990 (Miss. 2003) (en banc); Thiroux ex rel. Cruz v. Austin ex rel. Arceneaux, 749 So. 2d 1040, 1042 (Miss. 1999) (en banc). In this case, the underlying tort alleged by the plaintiffs is negligence. (Compl. ¶¶ 21-23.) The statute of limitations for ordinary negligence claims is MISS. CODE ANN. § 15-1-49, Covenant Health Rehab

9

of Picayune, L.P. v. Brown, 949 So. 2d 732, 745 (Miss. 2007) (en banc), which reads as follows in relevant part:  "1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."  The statute of limitations for medical negligence claims is MISS. CODE ANN. § 15-1-36(2), id., which pertinently provides that

> [f]or any claim accruing on or after July 1, 1998, and except as otherwise provided in this section, no claim in tort may be brought against a licensed physician, osteopath, dentist, hospital, institution for the aged or infirm, nurse, pharmacist, podiatrist, optometrist or chiropractor for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered . . . .

Because AMR is clearly not a licensed physician, osteopath, dentist, hospital, institution for the aged or infirm, nurse, pharmacist, podiatrist, optometrist, or chiropractor, § 15-1-36(2) does not provide the applicable limitation period for the plaintiffs' negligence claims.  Therefore, the three-year limitation period set forth in § 15-1-49 applies to the ordinary negligence claims underlying the plaintiffs' wrongful death action and serves as the statute of limitations for said action.  There is no question that the plaintiffs' claims accrued on February 5, 2001 (the date Dinese Johnson died), and that the plaintiffs did not

file this action within three years of that date.  Therefore, the
plaintiffs' wrongful death action is time-barred unless some other
Mississippi law operates to toll the running of the statute.

The plaintiffs assert that MISS. CODE ANN. § 15-1-59 is just such
a law.  Also known as the "minor savings statute," § 15-1-59
provides as follows:

> If any person entitled to bring any of the
> personal actions mentioned shall, at the time
> at which the cause of action accrued, be under
> the disability of infancy or unsoundness of
> mind, he may bring the actions within the
> times in this chapter respectively limited,
> after his disability shall be removed as
> provided by law. However, the saving in favor
> of persons under disability of unsoundness of
> mind shall never extend longer than twenty-one
> (21) years.

"There is no question . . . that the savings clause, set out in §
15-1-59 of the Mississippi Code, applies to a wrongful death
action."  Lee, 859 So. 2d at 988.

However, the Supreme Court of Mississippi has recognized that
"[t]he plain language of the wrongful death statute § 11-7-13 sets
it at odds with the minors savings statute § 15-1-59."  Curry v.
Turner, 832 So. 2d 508, 516 (Miss. 2002) (en banc).  Pursuant to §
11-7-13, a wrongful death action may be brought by one or more
statutory beneficiaries for the benefit of all who are entitled to
recover, Long v. McKinney, 897 So. 2d 160, 175 (Miss. 2004);[6]

---

[6] According to the Supreme Court of Mississippi, wrongful
death beneficiaries who sue to recover wrongful death damages have
a fiduciary obligation to other beneficiaries who are not joined in

11

however, the statute mandates that "there shall be but one (1) suit for the same death . . . ." MISS. CODE ANN. § 11-7-13. The text of the minor savings statute, on the other hand, "would allow for two groups of plaintiffs to file suits at two separate times for damages caused by one event:  1) those plaintiffs of majority age and sound mind within the statute of limitations and 2) those plaintiffs protected by the savings statute when their disability is removed or they reach the age of majority." Curry, 832 So. 2d at 516.

The Supreme Court of Mississippi has resolved this conflict by holding that the minor savings statute tolls the applicable wrongful death statute of limitations only where there is no person *in esse* during the limitation period qualified to bring the one suit. Curry, 832 So. 2d at 516-17; Arender v. Smith County Hosp., 431 So. 2d 491, 493-94 (Miss. 1983), *abrogated on other grounds by* Thiroux ex rel. Cruz v. Austin ex rel. Arceneaux, 749 So. 2d 1040, 1041 (Miss. 1999) (en banc); *accord* Bulley v. Toastmaster, Inc., 86 Fed. Appx. 6, 11 (5th Cir. 2003) (per curiam) (not selected for publication); Anderson v. R&D Foods, Inc., 913 So. 2d 394, 399 (Miss. Ct. App. 2005) ("The existence of a person qualified to sue

---

the lawsuit, Long, 897 So. 2d at 175, and "the interests of claimants not joining in shall be represented by counsel for the claimant filing the suit." Id. at 174.

on behalf of all negates the need for a savings.")[7]

Section 11-7-13 explicitly provides that the one wrongful death action may be brought "by a brother for the death of a sister . . . ." Jimmy Johnson, the brother of Dinese Johnson, was a person *in esse* during the entire limitation period who was apparently authorized by § 11-7-13 to bring the one wrongful death suit on behalf of all of Ms. Johnson's wrongful death beneficiaries. This fact would appear to preclude the operation of § 15-1-59 to toll the three-year statute of limitations for the minor plaintiffs and thus bar their wrongful death action against AMR.

However, the Supreme Court of Mississippi has interpreted the

---

[7] The plaintiffs suggest that <u>Lee v. Thompson</u>, 859 So. 2d 981 (Miss. 2003) (en banc) and <u>Pollard v. Sherwin-Williams Co.</u>, 955 So. 2d 764 (Miss. 2007) (en banc) call into question the applicability of <u>Curry</u> and <u>Arender</u>. The Court does not agree.

The plaintiffs point out that <u>Lee</u> (contrary to <u>Arender</u>) declares that § 15-1-59 applies to a wrongful death action. As noted above, the Court recognizes and relies upon this holding from <u>Lee</u>. The <u>Lee</u> opinion did not address the part of <u>Arender</u> which held that the minor savings statute only operates where there is no person in being during the limitation period who is qualified to bring the wrongful death action on the minors' behalf. Moreover, the <u>Lee</u> court actually relied upon <u>Curry</u> and approvingly cited the opinion at length, including the holding that ratifies the rule from <u>Arender</u>. <u>Lee</u>, 859 So. 2d at 989-90. Therefore, rather than casting doubt upon <u>Curry</u> and <u>Arender</u>, <u>Lee</u> actually confirms the continuing vitality of their holdings as to the interaction of § 15-1-59 and § 11-7-13.

<u>Pollard</u> is similarly inapposite to the matter sub judice. In that case, the Supreme Court of Mississippi held that the minor plaintiff's claims were tolled by § 15-1-59. This Court does not find this holding remarkable since no wrongful death action was brought in <u>Pollard</u> and there was no occasion for the minor savings statute to conflict with § 11-7-13.

wrongful death statute to establish two echelons of statutory beneficiaries: a "preferred class" and a "remote" or "deferred class." <u>Partyka v. Yazoo Dev. Corp.</u>, 376 So. 2d 646, 648, 650 (Miss. 1979); <u>Logan v. Durham</u>, 95 So. 2d 227, 228-29 (Miss. 1957); <u>Tolliver v. Mladineo</u>, __So. 2d__, 2007 WL 2034622, at *3 (Miss. Ct. App. July 17, 2007), <u>writ of certiorari granted by Tolliver v. Mladineo</u>, 979 So. 2d 691 (table) (Miss. 2008); <u>see Fillingame v. Patterson</u>, 704 F. Supp. 702, 704 (S.D. Miss. 1988).  The preferred class comprises a decedent's spouse and children, whereas a decedent's parents and siblings compose the deferred class. <u>Partyka</u>, 376 So. 2d at 648; <u>Logan</u>, 95 So. 2d at 228-29; <u>Fillingame</u>, 704 F. Supp. at 704.

In <u>Partyka</u>, the Supreme Court of Mississippi affirmed the circuit court's dismissal of a wrongful death action filed by the decedent's mother due to her lack of standing.  376 So. 2d at 647. The court held that the decedent's wife (who died thirty minutes after her husband) had acquired a cause of action for her husband's wrongful death at the moment he died and that said action was an asset in her estate on which she could sue.  <u>Id.</u> at 648. Therefore, the decedent's wife (a member of the preferred class of the decedent's wrongful death beneficiaries) or her estate possessed standing to bring the wrongful death action to the exclusion of the decedent's mother (a member of the deferred class).  <u>Id.</u> at 650.

14

In Logan, the Supreme Court of Mississippi held that the administrator of the decedent's estate could not maintain a wrongful death action on behalf of the decedent's parents and siblings because the decedent had been survived by both a spouse and an unemancipated minor child. 95 So. 2d at 228-29. The court reached this conclusion despite the fact that the husband was the tortfeasor who caused his wife's death and the unemancipated minor child could not sue his father in tort. Id. at 228.

In Fillingame, after examining Partyka and Logan and concluding that a decedent's two minor children were the only parties who could bring a wrongful death action, the Court granted summary judgment in favor of the defendants against the decedent's mother and four siblings. 704 F. Supp at 704.

Relying on Partyka, Logan, and Fillingame, the Mississippi Court of Appeals in Tolliver held that a decedent's sibling lacked standing to bring a wrongful death action because the decedent was survived by a spouse and children. __So. 2d__, 2007 WL 2034622, at *4-5.

The foregoing cases illustrate the following rule of standing in Mississippi wrongful death actions: When one or more members of the preferred class of wrongful death beneficiaries survives the decedent, all members of the deferred class lack standing to maintain the one wrongful death action. The Court is unaware of any case which has addressed how this rule concerning the standing

15

hierarchy of Mississippi's wrongful death statute interplays with the rule from <u>Arender</u> and <u>Curry</u> that the minor savings statute tolls the applicable wrongful death statute of limitations only where there is no person *in esse* during the limitation period qualified to bring the one suit.[8]  The Court is of the <u>Erie</u> opinion that the Supreme Court of Mississippi would hold the former rule informs which persons *in esse* are "qualified" under the latter rule.

On the date of her death, Dinese Johnson was unmarried and had only two living children:  minors Dennis and Casey Johnson.  These minor children were thus the only members of the preferred class of Dinese Johnson's wrongful death beneficiaries.  As the brother of Dinese Johnson, Jimmy Johnson was clearly a member of the deferred class of her wrongful death beneficiaries who was *in esse* during the relevant limitation period.  However, because Dennis and Casey Johnson are members of the preferred class of wrongful death beneficiaries, their existence precluded Jimmy Johnson from having *independent*[9] standing to bring the wrongful death action.

---

[8] This issue did not arise in either line of cases which deal with the two rules because (in the wrongful death context) the statute of limitations affirmative defense was never asserted where a minor stood alone in the preferred class and the existence of a member of the deferred class during the limitation period was said to prevent the operation of the minor savings statute.

[9] Whether Jimmy Johnson may now bring the instant action as the next friend of Dennis and Casey Johnson is a separate matter entirely.

Therefore, Jimmy Johnson was not a person *in esse* during the limitation period qualified to bring the one wrongful death suit because he lacked standing to maintain the action.[10, 11]

_____

[10] AMR posits that while Jimmy Johnson had no standing to bring the wrongful death action in his own name due to the fact that Dinese Johnson was survived by two members of the preferred class, inasmuch as he nevertheless "is within the class of individuals qualified under Mississippi's wrongful death statute to bring this action in the name of Dinese Johnson's children and therefore is a person *in esse*[,]" the minor savings statute is inoperative and the plaintiffs' claims are time-barred (AMR Supp. Mem. 5.)   In other words, AMR argues that the members of the deferred class who lack standing to sue in their own name are automatically considered to be next friends of the minor children from the preferred class and may sue in said minors' names.   Therefore, because Jimmy Johnson was a potential adult wrongful death beneficiary who could have sued in Dennis and Casey's names but did not, he is a "qualified" person who was *in esse* during the limitation period and the minor savings statute holds no sway in this case.   The Court will not give § 11-7-13 such a tortured reading, inasmuch as the statute does not address which persons may sue *in the name of* minor children in the preferred class and no case interpreting said statute has ever intimated as much.

Moreover, a minor child's guardian (a person who certainly may sue in the name of the minor) who lacks standing to sue under the statute is not considered a person *in esse* who would cause the running of the applicable statute of limitations.   <u>Curry</u>, 832 So. 2d at 516 n.5.   AMR's urged construction of the wrongful death statute would produce the contrary and absurd result that a person in the deferred class, who similarly lacks standing to bring an action in his own right, would be considered a person *in esse* merely because he (like the minor's guardian) could have brought the action in the minor's name as the minor's next friend.

[11] Merely because Jimmy Johnson was a person in being during the limitation period who, under the right set of hypothetical circumstances, would have had standing to bring the action does not mean that he was nevertheless "qualified" (in the <u>Curry</u> sense) to maintain the action and thus prevent the minor savings statute from operating.   If this were so, the result would be grossly inequitable to the minors because they would lose the benefit of their cause of action even though Jimmy Johnson could not have actually maintained the action and represented their interests. This Court is of the opinion that the Supreme Court of Mississippi

Similarly, James King, the father of Dennis Johnson, was not a person *in esse* qualified to bring the wrongful death action inasmuch as he was not a statutory wrongful death beneficiary with standing to sue.  The mere fact that King was the father of Dennis Johnson did not impart standing to him to sue under that statute.[12] Even assuming arguendo that James King was the legal guardian of Dennis Johnson, he would "not meet the qualification of being a person *in esse* because, under the wrongful death statute, he was not entitled to bring the suit."  Curry, 832 So. 2d at 516 n.5.

Accordingly, there having been no person *in esse* qualified (*i.e.* with standing) to bring the one wrongful death action during the limitation period[13], the minor savings statute, MISS. CODE ANN. §

---

would not approve such an outcome which is so starkly antithetical to the policy behind the minor savings statute.

[12] AMR cites Bulley for the proposition that a father who could bring a suit on a minor's behalf is a qualified person *in esse* who precludes the operation of the minor savings statute. (Rebut. Mem. 3.)  However, AMR fails to recognize that in Bulley the father of the minor child was also the spouse of the decedent and had standing under the wrongful death statute as a preferred class beneficiary to bring the one action on behalf of himself and his minor son.  86 Fed. Appx. 6, 8 (5th Cir. 2003) (per curiam) (not selected for publication).  In this case, James King was not Dinese Johnson's spouse on the date of her death.  This critical distinction easily explains the running of the minor savings statute in Bulley and the tolling of the same in this case.

[13] Section 11-7-13 states that "[t]he action for such damages may be brought in the name of the personal representative of the deceased person . . . for the benefit of all persons entitled under the law to recover . . . ."  Therefore, the Mississippi wrongful death apparently grants standing to the personal representative (who while acting in this capacity is not a member of either the preferred or deferred class) of a decedent to bring the one action

15-1-59, operates to toll the three-year statute of limitations applicable to this case; therefore, the plaintiffs' action for their mother's wrongful death is not time-barred.

### V. CONCLUSION

The Court has considered the remaining arguments of the parties and finds them to be without merit.  Therefore, based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that defendant American Medical Response, Inc.'s Motion for Summary Judgment [**docket entry no. 5**] is **DENIED**.

**SO ORDERED**, this the 9th day of July 2008.


    s/ David Bramlette

**UNITED STATES DISTRICT JUDGE**

---

on behalf of all persons who have standing, including any minor children.  See Anderson v. R&D Foods, Inc., 913 So. 2d 394, 398 (Miss. Ct. App. 2005) (stating that "a personal representative of the deceased . . . could recover on behalf of the minor during the minor's disability.")  Therefore, it is likely that the personal representative of a decedent would be a person *in esse* who is qualified to bring the one suit and whose existence would preclude the operation of the minor savings statute.  However, the Court need not reach the question in this case because Dinese Johnson's estate was not opened and no administrator of her estate was appointed before the filing of this suit. (Aff. Jimmy Johnson ¶¶ 8, 10.)